IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 15-40917 |
| WASH TECHNOLOGIES OF § | Chapter 11 |
| AMERICA CORP. § | |
| § | |
| Debtor § | |

**FIRST UNITED BANK & TRUST COMPANY'S RESPONSE
TO DEBTOR'S MOTION FOR AN INTERIM AND FINAL ORDER
(I) AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT
TO SECTIONS 105, 361, 362, 363 AND 364 OF THE BANKRUPTCY
CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(B)
AND (II) GRANTING ADEQUATE PROTECTION TO THE
PRE-PETITION SECURED LENDERS**

**TO THE HONORABLE BRENDA T. RHOADES
CHIEF UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW, First United Bank & Trust Company** (herein "FUB&T") and files this its Response to Debtor's Motion for an Interim and Final Order (I) Authorizing the Use of Cash Collateral Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(B) and (II) Granting Adequate Protection to the Pre-Petition Secured Lenders (herein "the Motion") filed by Debtor on May 21, 2015, and would respectfully show the Court the following:

1.   FUB&T admits paragraph 1 of Debtor's Motion.

2.   FUB&T admits paragraph 2 of Debtor's Motion.

3.   FUB&T admits paragraph 3 of Debtor's Motion.

4.   FUB&T admits paragraph 4 of Debtor's Motion.

5. FUB&T is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of Debtor's Motion and FUB&T can neither admit or deny same.

6. FUB&T is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of Debtor's Motion and FUB&T can neither admit or deny same

7. FUB&T denies the averments contained in Paragraph 7 of the Debtor's Motion with regard to FUB&T's loan to Debtor, as the original loan amount was $543,750, and the Note has been modified on June 3, 2013, September 3, 2013 and September 3, 2014. Further, upon filing of the Debtor's Motion FUB&T's loan balance was $462,626.03

8. FUB&T would show that Paragraph 8 of Debtor's Motion does not require a response as it sets forth Debtor's position and right to amend its Motion. If Debtor denies that FUB&T has a valid and prior lien, FUB&T asserts that it does have a valid, prior and existing lien and that any post-petition cash constitutes FUB&T's cash collateral.

9. FUB&T is without sufficient knowledge to either admit or deny the averments contained in Paragraph 9 of Debtor's Motion as to the Riverbend Bank Real Property Loan. The last sentence of Paragraph 9 of Debtor's Motion makes reference to the FUB Note which FUB&T believes to be in error and should reference the Riverbend Note.

10. FUB&T is without sufficient knowledge to either admit or deny the averments contained in Paragraph l0 of Debtor's Motion as to the Riverbend Bank Real Property Note or validity of the Riverbend lien.

. 11. FUB&T is without sufficient knowledge to either admit or deny the averments

contained in Paragraph 11 of Debtor's Motion as to the Riverbend Bank Equipment Loan. The last sentence of Paragraph 11 makes reference to the FUB Note which FUB&T believes to be in error and should reference the Riverbend Note balance.

12. FUB&T denies Paragraph l2 of Debtor's Motion as to the Riverbend Bank's lien and Debtor's position regarding post-petition cash collateral.

13. FUB&T admits Paragraph 13 of Debtor's Motion as to the definition of "cash collateral" pursuant to the 11 U.S.C. §363(a).

14. FUB&T admits Paragraph 14 of Debtor's Motion as to quoting of 11 U.S.C. §363(c)(2).

15. FUB&T is without sufficient knowledge to either admit or deny the averments contained in Paragraph 15 of Debtor's Motion.

16. FUB&T admits the first and second sentence of Paragraph 16 of Debtor's Motion. FUB&T denies the last sentence of Debtor's Motion, as the reference is incorrect 11 U.S.C. §363(o)(2) [*sic*].

17. FUB&T admits the first sentence of Paragraph 17 of Debtor's Motion. FUB&T is without sufficient knowledge to either admit or deny the averments contained in the remainder of Paragraph 17 of Debtor's Motion.

18. FUB&T is without sufficient knowledge to either admit or deny the averments contained in Paragraph 18 of Debtor's Motion.

19. FUB&T admits the first two sentences of Paragraph 19 of Debtor's Motion. FUB&T is without sufficient knowledge to either admit or deny the averments contained in the remainder of Paragraph 19 of Debtor's Motion.

20. Paragraph 20, subsections (a) through (l) of Debtor's Motion sets forth the Debtor's proposal and cannot be either admitted or denied. To the extent that the proposal is considered a factual statement, FUB&T denies that it is adequately protected now or by the proposal.

21. FUB&T denies that the proposed orders as set forth in Paragraph 21 of Debtor's Motion are fair and reasonable.

22. FUB&T denies Paragraph 22 of Debtor's Motion.

23. Paragraph 23 of Debtor's Motion does not require a response as it merely sets forth the Notice of the filing of Debtor's Motion to the parties stated in Paragraph 23.

24. Paragraph 24 of Debtor's Motion does not require a response as it sets forth Debtor's Request for Relief as stated in the Motion. To the extent that a response is required FUB&T requests that Debtor's Motion be denied.

Respectfully submitted,

/s/ William Riley Nix
WILLIAM RILEY NIX
State Bar ID No. 15043600
WILLIAM RILEY NIX III
State Bar ID No. 24092902
717 North Crockett Street
Sherman, Texas  75090
Phone: 903/870-0212 /  Fax:  903/870-0109
Email: riley_nix@yahoo.com

ATTORNEYS FOR FIRST UNITED BANK AND TRUST COMPANY

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that a true and correct copy of the above and foregoing Response to Debtor's Motion for an Interim and Final Order (I) Authorizing the Use of Cash Collateral Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(B) and (II) Granting Adequate Protection to the Pre-Petition Secured Lenders filed by First United Bank & Trust Company has been served either electronically or by first class U.S. Mail in compliance with the Federal and Local Rules of Bankruptcy Procedure on this 28th day of May, 2015, to the following:

*Via Regular, US Mail to:*
Wash Technologies of America
Corp., Chapter 11 Debtor
1717 W. Walnut Hill Lane #105
Irving, Texas 75038

AT&T Business
P. O. Box 105414
Atlanta, GA 30348-5414

City of Plano
P.O. Box 861990
Plano, Texas 75086-1990

John Pappas
c/o C. Gregory Shamoun
1755 Wittington Place
Dallas, Texas 75234-1927

Atmos Energy
P. O. Box 790311
St. Louis, MO 63179-0311

Big Man Washes, Inc.
3421 S. Briery Rd.
Irving, TX 75060-2134

Hudson Energy
P. O. Box 731137
Dallas, Texas 75373-1137

Republic Service
P. O. Box 78829
Phoenix, az 85062-8829

Verizon Southwest
P. O. Box 920041
Dallas, Texas 75392-0041

Harry G. Thomas
6401 Cooper Place
Plano, Texas l75093-8815

*Via Electronic Notification to:*

Melanie Pearce Goolsby
Gerrit M. Pronske
Attorneys for Debtor
Pronske Goolsby & Kathman, P.C.
15305 Dallas Parkway, Suite 300
Addison, Texas 75001

U.S. Trustee's Office
110 N. College Ave., Ste. 300
Tyler TX 75702

Richard W. Ward
Attorney for John Pappas
6860 N. Dallas Pkwy, Ste 200
Plano, Texas 75024

And all parties requesting notice by ECF on file in this proceeding.

/s/ William Riley Nix
WILLIAM RILEY NIX